10345

ALLEN v. ORR.

(101 S. E. 817.)

1. LANDLORD AND TENANT—LANDLORD MAY RECOVER ONLY AMOUNT EXPENDED IN CULTIVATING CROPS.—In action for accounting and settlement brought by laborer against a landlord, an instruction that the landlord should be credited only with the amount he had expended in helping to plant, cultivate, and gather the crops on land which was to have been cultivated by plaintiff and another, *held* proper.

2. CONTRACTS—EFFECT OF WRITTEN CONTRACTS WITH DISPUTED TERMS FOR JURY.—Where a written contract was not produced at the trial and the evidence conflicted as to its terms, the effect of the contract presented a jury question.

Before SHIPP, J., Anderson, Spring term, 1919. Affirmed.

Action by C. H. Allen against J. L. Orr. Judgment for plaintiff, and defendant appeals.

*Messrs. Bonham & Allen,* for appellant, submit: *It was the duty and province of the Circuit Judge to construe the written contract:* 81 S. C. 226; 66 S. C. 22.

*Mr. A. H. Dagnall,* for respondent (no citations).

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action is for accounting and settlement between landlord and laborer brought by laborer, and was heard at March

term of Court, 1919, for Anderson county, before Judge Shipp and a jury, by agreement of counsel, the issues submitted to the jury, counsel agreeing that the jury should find a verdict in the following form: We find for the plaintiff so many dollars, or we find for the defendant so many dollars. A verdict was rendered for the plaintiff for $134.20.

After entry of judgment defendant appeals. His exceptions, eight in number, present two questions for determination. First, it is assigned as error that his Honor held and charged the jury that the appellant, Orr, could only recover the amount he had expended in helping to plant, cultivate, and gather the crops on the land, which was to have been cultivated by Allen and Gunter.

We see no error on the part of his Honor either in his ruling or charge to the jury, and these exceptions are overruled. Second question made is that it was error for the Judge to leave it to the jury to determine from the contract the relation of the parties. It was the duty and province of the Judge to construe the contract which was in writing.

This exception must be overruled. The Judge could not construe the contract in its absence even if it was in writing, because there was a conflict of evidence as to what the contract was, and, that being so, it was properly submitted to the jury.

All exceptions are overruled.

Judgment affirmed.